IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. SCOTT JEFFREY MELNICK

v.  C.A. NO. 14-3062

JOHN VOITUS

**FILED**
MAR - 4 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM**

SCHMEHL, J.  MARCH 4, 2015

On May 29, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against Defendant John Voitus, followed by what purports to be an amended complaint on July 24, 2014. To the extent Plaintiff required leave to file the amendment under Federal Rule of Civil Procedure 15(a), leave is granted. As discussed below, this action will be dismissed with prejudice.

The Court has a duty to consider subject matter jurisdiction *sua sponte* at all stages of litigation. Yellowbird Bus. Co. v. Lexington Ins. Co., 450 F. App'x 213, 216 (3d Cir. 2011). A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "'are so attenuated and unsubstantial as to be absolutely devoid of merit,. . . wholly insubstantial. . . . obviously frivolous. . . .plainly unsubstantial, . . .or no longer open to discussion.'" DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The DeGrazio court further described the plaintiff's claims as warranting dismissal because "they re[lied] on fantastic scenarios lacking any arguable factual basis." Id.

Plaintiff alleges that defendant is a citizen of Nebraska, so there is ostensibly diversity

jurisdiction in this case. However, even with the most generous reading, Plaintiff's amended complaint appears to allege that Plaintiff entered into some form of contract with defendant over Facebook whereby plaintiff provided advice to the Defendant as to how to win a megamillions jackpot lottery. Plaintiff believes that defendant took his advice and won the lottery and now plaintiff wants his share for providing the advice. These frivolous and fantastical allegations lack any arguable basis in fact.

Further it is appropriate that dismissal be with prejudice. The apparent crux of the Complaint is an unbelievable and meritless claim of contract to profit from Plaintiff's psychic abilities. In this particular case, Plaintiff has already amended the complaint, and the nature of his amendments confirms that any further attempts would be futile.